J-S48023-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA   :   IN THE SUPERIOR COURT OF
  :   PENNSYLVANIA
  :
v.   :
  :
  :
  :
JUNIOR  VILLANUEVA   :
  :
Appellant   :   No. 1102 EDA 2018

Appeal from the PCRA Order March 5, 2018
In the Court of Common Pleas of Northampton County Criminal Division
at No(s):  CP-48-CR-0002698-2009

BEFORE:   DUBOW, J., MURRAY, J., and PLATT*, J.

MEMORANDUM BY MURRAY, J.:           **FILED AUGUST 31, 2018**

Junior  Villanueva  (Appellant)  appeals  from  the  order  dismissing  as untimely his second petition filed pursuant to the Post Conviction Relief Act (PCRA),  42  Pa.C.S.A.  §§  9541-9546.    Additionally,  Appellant's  counsel, Matthew J. Deschler, Esq. (Counsel), has filed a petition for leave to withdraw as counsel and an "**Anders** Brief."[1]  After careful consideration, we affirm.

A prior panel of this Court summarized the factual and procedural history as follows:

---

[1] Counsel filed a brief pursuant to **Anders v. California**, 386 U.S. 738, 87 S.Ct. 1396 (1967), apparently in the mistaken belief that an **Anders** brief is required where counsel seeks to withdraw on appeal from the denial of PCRA relief.  A **Turner/Finley** no-merit letter, however, is the appropriate filing. **See Commonwealth v. Turner**, 544 A.2d 927 (Pa. 1988); **Commonwealth v. Finley**, 550 A.2d 213 (Pa. Super. 1988) (*en banc*).  Because an **Anders** brief provides greater protection to a defendant, this Court may accept an **Anders** brief in lieu of a **Turner/Finley** letter.   **Commonwealth v. Fusselman**, 866 A.2d 1109, 1111 n.3 (Pa. Super. 2004).

---

\*    Retired Senior Judge assigned to the Superior Court.

Following a trial in September 2010, a jury convicted [Appellant] of rape of a child,[FN] 1 statutory sexual assault,[FN] 2 involuntary deviate sexual intercourse with a child,[FN] 3 one count of sexual assault,[FN] 4 aggravated indecent assault of a child,[FN] 5 indecent assault of a person less than thirteen years of age,[FN] 6 endangering the welfare of children,[FN] 7 and corruption of minors.[FN] 8 The convictions stemmed from the sexual abuse of a minor child, who was the daughter of [Appellant's] live-in companion.

[FN] 1 18 Pa.C.S.A. § 3121(c).

[FN] 2 18 Pa.C.S.A. § 3122.2.

[FN] 3 18 Pa.C.S.A. § 3124.1.

[FN] 4 18 Pa.C.S.A. § 3124.1.

[FN] 5 18 Pa.C.S.A. § 3125(b).

[FN] 6 18 Pa.C.S.A. § 3126(a)(7).

[FN] 7 18 Pa.C.S.A. § 4304(a)(1).

[FN] 8 18 Pa.C.S.A. § 6301(a)(1).

On January 25, 2011, the court sentenced [Appellant] to an aggregate term of 46 to 92 years of imprisonment. [The court also informed Appellant that, based upon the evaluation and report conducted by the Pennsylvania Sex Offenders Assessment Board, Appellant was designated a sexually violent predator and was required to register as a sexual offender for the remainder of his life under Megan's Law III, 42 Pa.C.S.A. §§ 9791-9799.9 (expired).] [Appellant] filed a direct appeal, and this Court affirmed the judgment of sentence. *See Commonwealth v. Villanueva*, 53 A.3d 927 (Pa. Super. 2012). [Appellant] filed a petition for allowance of appeal to the Pennsylvania Supreme Court, which was denied. *Commonwealth v. Villanueva*, 64 A.3d 632 (Pa. 2013).

On March 14, 2014, [Appellant] filed a timely *pro se* PCRA petition. The court appointed counsel, and on January 15, 2015, counsel filed an amended PCRA petition. Following a hearing, the PCRA court denied relief.

*Commonwealth v. Villanueva*, -- A.3d --, 2016 WL 5864778, at *1 (Pa. Super. 2016) (*Villanueva II*) (footnotes in original). Appellant appealed the PCRA court's decision, and on August 19, 2016, this Court affirmed. Our Supreme Court denied Appellant's petition for allowance of appeal on December 28, 2016.

On July 19, 2017, our Supreme Court decided *Commonwealth v. Muniz*, 164 A.3d 1189 (Pa. 2017). In *Muniz*, our Supreme Court held that retroactive application of the registration and reporting requirements of the Pennsylvania Sex Offender Registration and Notification Act, (SORNA),[2] violated the *ex post facto* clauses of the United States and Pennsylvania Constitutions. *Id.* at 1223.

On September 8, 2017, Appellant filed his second PCRA petition, *pro se*. Appellant asserts that his lifetime registration requirement was unconstitutional under *Muniz*. Counsel was appointed and filed an amended petition on Appellant's behalf. In his amended petition, Appellant argued that *Muniz* satisfied the newly recognized constitutional right exception to the PCRA's time bar. *See* 42 Pa.C.S.A. § 9545(b)(1)(iii). On February 13, 2018, the PCRA court issued notice of its intent to dismiss Appellant's PCRA petition pursuant to Rule 907 of the Pennsylvania Rules of Criminal Procedure. On March 1, 2018, Appellant filed a response to the PCRA court's Rule 907 notice.

_____

[2] 42 Pa.C.S.A. §§ 9799.10-9799.42.

On March 5, 2018, the PCRA court entered an order denying Appellant's PCRA petition as untimely. This timely appealed followed.[3]

On June 30, 2018, Counsel filed a petition for leave to withdraw with this Court, attaching his *Anders* brief, with notice to Appellant that he had the right to proceed *pro se* or retain private counsel. Appellant has not filed a response to Counsel's petition.

Counsel's *Anders* brief presents one issue for our review: Whether the PCRA court erred in denying his petition where his registration, notification, counseling and verification requirements should be vacated due to the retroactive application of *Muniz*. *Anders* Brief at 11.

As set forth above, Counsel has filed in this Court a petition for leave to withdraw as counsel and an appellate brief. Pursuant to *Turner/Finley*, an "[i]ndependent review of the record by competent counsel is required before withdrawal [on collateral appeal] is permitted." *Commonwealth v. Pitts*, 981 A.2d 875, 876 n.1 (Pa. 2009). In *Pitts*, our Supreme Court explained that such independent review requires proof of:

1. A "no merit" letter by PC[R]A counsel detailing the nature and extent of his review;

2. The "no merit" letter by PC[R]A counsel listing each issue the petitioner wished to have reviewed;

3. The PC[R]A counsel's "explanation", in the "no merit" letter, of why the petitioner's issues were meritless[.]

---

[3] In lieu of filing a concise statement of matters complained of on appeal pursuant to Pa.R.A.P. 1925(a), Counsel filed a statement of intent to file an *Anders* brief pursuant to Pa.R.A.P. 1925(c)(4).

*Id.* (citation and brackets omitted). Further, PCRA counsel seeking to withdraw in this Court must contemporaneously forward to the petitioner a copy of the petition to withdraw that includes (i) a copy of both the no-merit letter, and (ii) a statement advising the PCRA petitioner that, upon the filing of counsel's petition to withdraw, the petitioner has the immediate right to proceed *pro se*, or with the assistance of privately retained counsel. *Commonwealth v. Muzzy*, 141 A.3d 509, 511-12 (Pa. Super. 2016).

Upon review of Counsel's petition for leave to withdraw and the appellate brief submitted on Appellant's behalf, we conclude that Counsel has substantially complied with the procedural requirements of *Turner* and *Finley*, as restated in *Pitts*. Counsel identified the claim asserted by Appellant, reviewed the merits of that claim and explained why the claim lacks merit. Finally, Counsel also represented to this Court that he has advised Appellant he may proceed with privately retained counsel or *pro se*. Appellant has not filed any additional documents, *pro se*. Thus, we conclude that counsel has complied with the requirements necessary to withdraw as counsel. We now turn to conduct an independent review of Appellant's PCRA petition to ascertain whether his claim entitles him to relief.

Before addressing the merits of Appellant's claim, we must determine whether we have jurisdiction. "Pennsylvania law makes clear no court has jurisdiction to hear an untimely PCRA petition." *Commonwealth v. Monaco*, 996 A.2d 1076, 1079 (Pa. Super. 2010) (quoting *Commonwealth v. Robinson*, 837 A.2d 1157, 1161 (Pa. 2003)). A petitioner must file a PCRA

petition within one year of the date on which the petitioner's judgment became final, unless one of the three statutory exceptions apply:

(i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;

(ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or

(iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S.A. § 9545(b)(1). A petitioner must file a petition invoking one of these exceptions "within 60 days of the date the claim could have been presented." 42 Pa.C.S.A. § 9545(b)(2). If a petition is untimely, and the petitioner has not pled and proven any exception, "neither this Court nor the trial court has jurisdiction over the petition. Without jurisdiction, we simply do not have the legal authority to address the substantive claims." *Commonwealth v. Derrickson*, 923 A.2d 466, 468 (Pa. Super. 2007) (quoting *Commonwealth v. Chester*, 895 A.2d 520, 522 (Pa. 2006)).

In this case, it is undisputed that Appellant's PCRA petition is facially untimely. Accordingly, we are without jurisdiction to decide Appellant's appeal unless he pled and proved one of the three timeliness exceptions of Section 9545(b)(1). *See Derrickson*, 923 A.2d at 468. Appellant asserts that he has satisfied the timeliness exception of Section 9545(b)(1)(iii) because

*Muniz* recognized a new constitutional right that applies retroactively on collateral review. *Anders* Brief at 11.

Recently, in *Commonwealth v. Murphy*, 180 A.3d 402 (Pa. Super. 2018), this Court rejected this exact claim. We explained:

> Appellant's reliance on *Muniz* cannot satisfy the [timeliness] exception of [S]ection 9545(b)(1)(iii). In *Commonwealth v. Abdul-Salaam*, [] 812 A.2d 497 ([Pa.] 2002), our Supreme Court held that,
>
> > [s]ubsection (iii) of Section 9545 has two requirements. First, it provides that the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or this [C]ourt after the time provided in this section. Second, it provides that the right "has been held" by "that court" to apply retroactively. Thus, a petitioner must prove that there is a "new" constitutional right and that the right "has been held" by that court to apply retroactively. The language "has been held" is in the past tense. These words mean that the action has already occurred, *i.e.*, "that court" has already held the new constitutional right to be retroactive to cases on collateral review. By employing the past tense in writing this provision, the legislature clearly intended that the right was already recognized at the time the petition was filed.
>
> *Id.* at 501.
>
> Here, we acknowledge that this Court has declared that, "*Muniz* created a substantive rule that retroactively applies in the collateral context." *Commonwealth v. Rivera-Figueroa*, 174 A.3d 674, 678 (Pa. Super. 2017). However, because Appellant's PCRA petition is untimely (unlike the petition at issue in *Rivera-Figueroa*), he must demonstrate that the Pennsylvania Supreme Court has held that *Muniz* applies retroactively in order to satisfy [S]ection 9545(b)(1)(iii). *See Abdul-Salaam*, *supra*. Because at this time, no such holding has been issued by our Supreme Court, Appellant cannot rely on *Muniz* to meet that timeliness exception.

*Id.* at 405-06.

Because Appellant cannot rely upon *Muniz* to satisfy the timeliness exception of Section 9545(b)(1)(iii), we are without jurisdiction to review the merits of his PCRA claims.[4]

Order affirmed. Petition to withdraw granted.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 8/31/18

---

[4] We note that even if we had jurisdiction to review Appellant's claims, they are patently meritless. The record reflects that the trial court at sentencing informed Appellant that he would be required to register as a sexual offender for the remainder of his life under Megan's Law, not SORNA. *See* Order of Court, 12/14/10. Therefore, *Muniz*, which only involved the retroactive application of SORNA's registration and reporting requirements, is inapplicable to Appellant's case.